IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JUSTIN KADEEM KRUEL                                                                                       PLAINTIFF

v.                                          Civil No. 5:24-cv-05006-TLB-CDC

PROSECUTING ATTORNEY MATT
DURRETT; and WASHINGTON COUNTY
SHERIFF'S DEPARTMENT                                                                                  DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff, Justin Kadeem Kruel ("Kruel"), under 42 U.S.C. § 1983. Kruel has named as Defendants Prosecuting Attorney Matt Durrett and the Washington County Sheriff's Department. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.   BACKGROUND

According to the allegations of the Complaint, on or about September 26, 2023, Plaintiff was charged with felony possession of a firearm while prohibited, felony terroristic threatening, and a misdemeanor charge of battery in the third degree. (ECF No. 1 at 4). The battery charge dealt with an alleged assault against Ms. Jaylee Reynolds. *Id.* at 5. Defendant Durrett also filed a motion to revoke Kruel's probation. *Id.* On October 19, 2023, while incarcerated at the

---

[1] Enacted as part of the Prison Litigation Reform Act.

Washington County Detention Center, Kruel was served with an order of protection by the Washington County Sheriff's Department. *Id.*

Kruel checked a box indicating he was suing the Defendants in both their individual and official capacities. (ECF No. 1 at 5). In the area of the form complaint where Kruel was asked to describe his official capacity claim, Kruel wrote: "This allegation is false as I was in Joplin Missouri at the Best Western Hotel (a.m.) and then at Days Inn in [F]ort Smith Ar." *Id.* It is not clear if Kruel is referring to the factual basis for the criminal charges, for the order of protection, or both.

As relief, Kruel asks for 10 million dollars in compensatory damages for defamation of character and loss of livelihood. (ECF No. 1 at 9).

## II.  LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal

pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). For the reasons discussed below, the Court concludes Kruel's § 1983 claims are subject to dismissal.

#### A. Prosecutorial Immunity

The United States Supreme Court in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id*. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430; s*ee also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

Kruel has failed to allege Defendant Durrett engaged in any conduct other than prosecutorial functions. "Whatever [Defendant Durrett's] motives may have been . . . [his] conduct in filing [and pursuing] the charges is protected by absolute immunity." *Sample v. City of Woodbury,* 836 F.3d 913, 916 (8th Cir. 2016). Accordingly, Defendant Durrett is entitled to absolute immunity on the individual capacity claims against him. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (County prosecutors were entitled to absolute immunity from suit).

### B. Sovereign Immunity

The Court turns to consideration of the official capacity claims against Defendant Durrett. In Arkansas, prosecuting attorneys are officers of the state. Ark. Const. amend. 80, §20. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the state itself." *Will v. Michigan Dep't. of State Police,* 491 U.S. 58, 71 (1989) (citation omitted).

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States." U.S. Const. amend XI. "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals absent their consent." *Frew ex re. Frew v. Hawkins,* 540 U.S. 431, 437 (2004). "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'" *Burk v. Beene,* 948 F.2d 489, 492 (8th Cir. 1991) (quoting *Edelman v. Jordan,* 415 U.S. 651, 663 (1974)).

This bar exists whether the relief sought is legal or equitable. *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Furthermore, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will,* 491 U.S. at 71.

Exceptions to the reach of the Eleventh Amendment exist only when the state has unequivocally waived its immunity or Congress has abrogated the immunity. *Hutto v. Finney,* 437 U.S. 678, 693 (1978). The State of Arkansas has not waived its sovereign immunity. *See e.g., Hadley v. North Ark. Cmty. Tech. Coll.,* 76 F.3d 1437, 1438 (8th Cir. 1996). Nor did Congress abrogate sovereign immunity when enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). The official capacity claims against Defendant Durrett are barred by the Eleventh Amendment.

### C. Claims Against the Washington County Sheriff's Department

Review of Arkansas Court records indicates there are currently two open criminal cases against Kruel.[2] *State v. Kruel,* 72CR-19-1153, was reopened on February 16, 2023, when a petition for revocation of a probated sentence was filed. The docket indicates a trial date of February 27, 2024. In *State v. Kruel,* 72CR-23-2201, Kruel is charged with possession of firearms by certain persons, terroristic threatening in the first degree, and battery in the third degree. A warrant for Kruel's arrest was issued on October 24, 2023.

There are two problems with Kruel's claims against the sheriff's department. First, the sheriff's department is not considered to be a person or legal entity subject to suit. *See e.g., Ketchum v. City of West Memphis,* 974 F.2d 81, 82 (8th Cir. 1992) (police department not a juridical entity suable as such); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1

---

[2] Arkansas Courts Case Information is a public database of official court records. A search for Kruel's records showed the two open cases mentioned above. https://caseinfo.arcourts.gov/opad/search?context=participants&firstName=Justin&lastName=Kruel (last accessed February 21, 2024).

5

(D. Minn. 1987) (sheriff's department is not a legal entity subject to suit), *aff'd*, *Myers v. Scott County*, 868 F.2d 1017 (8th Cir. 1989).

Second, even if the Court were to substitute the arresting officer as a Defendant, the claim would fail. Kruel makes no claim that he was arrested pursuant to a facially invalid arrest warrant. The warrant provides probable cause for arrest under the Fourth Amendment to the United States Constitution. *Wood v. Wooten,* 986 F.3d 1079, 1081 (8th Cir. 2021) (citing *Luckes v. Cty. of Hennepin,* 415 F.3d 936, 939 (8th Cir. 2005)). Similarly, substitution of the Washington County Sheriff would be futile as Kruel's detention was pursuant to a valid warrant. *Baker v. McCollan,* 443 U.S. 137, (1979) (detention pursuant to a validly issued warrant complies with the Fourth Amendment).

### IV.  CONCLUSION

Accordingly, it is recommended that this case be dismissed **WITHOUT PREJUDICE** on the grounds it is asserted against a defendant who is immune from suit and fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Status of Referral:  The referral terminates upon the filing of this Report and Recommendation.

**RECOMMENDED** this **21st day of February 2024**.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE